# Exhibit 1

TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| **AMRC, LLC.**<br>DEMANDANTE<br><br>**VS**<br><br>**OLMAR LOPEZ VIDAL Y SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA CON CRISTINA RIOS MENA Y OTROS**<br>DEMANDADA | Núm. Caso: **SJ2024CV10727 (603)**<br><br>Sobre: COBRO DE DINERO - ORDINARIO |

## *M I N U T A*

Mediante **videoconferencia**, se llamó el caso de epígrafe para vista **Conferencia Inicial**. Compareció el **Lcdo. Ignacio J. Gorrín Maldonado** en representación de la parte demandante. **Lcdo. Manuel Durán Rodríguez** en representación de las partes demandadas. **Lcdo. Roberto Abesada-Agüet** en representación de la parte demandada, GFC Holdings Limited Liability Company.

Iniciados los procedimientos, el Tribunal hizo constar que el Informe de manejo de caso se presentó el 10 de julio de 2025.

El licenciado Gorrín informó que se produjo prueba documental como facturas, cartas contratos, reportes, correos electrónicos y requerimientos de pagos. Es un asunto de cobro de dinero que se le prestó representación legal a todos los demandados. Existe una garantía por GFC Holdings dirigida a cubrir cualquier honorario no satisfecho por cualquier codemandado. Cursará descubrimiento de prueba. Cursó una oferta transaccional, iniciaron conversaciones transaccionales las cuales esperan lograr acuerdos. Espera el Tribunal pueda resolver mediante sentencia sumaria.

De otra parte, el licenciado Duran hizo constar que se proveyeron documentos por la parte demandante. Las cartas contrato todavía no las ha recibido. Estará cursando un interrogatorio y requerimiento producción de documentos.

El licenciado Abesada Agüet informó que la compañía la cual representa no está operando y no tienen activos. No estará haciendo descubrimiento de prueba.

**Ante lo informado por los abogados, el Tribunal dispuso lo siguiente:**

✓ **Se dará por culminado el descubrimiento de prueba al 31 de octubre de 2025.**

✓ **Se señala vista Conferencia sobre el estado de los procedimientos para el jueves, 14 de agosto de 2025 a las 2:30 p.m. mediante videoconferencia.   Fecha hábil en los calendarios de los abogados del caso.**

**Nota:  Los procedimientos fueron grabados en "DCR" de 9:42 a 9:58 a. m.**

Hon. Brian Burgos Hernández
JUEZ SUPERIOR

ALGUACIL:  N/A

Keren Oliveras Padilla
OPERADOR SISTEMA "DCR"

Griselda Rodríguez Collado
CERTIFICO:  SECRETARIA REGIONAL

FECHA VISTA:  16 de julio de 2025

POR:  *Keren Oliveras Padilla*
Secretaria de servicios a Sala

OAT 838 MINUTA CIVIL (TRIBUNAL DE PRIMERA INSTANCIA)
(REV. FEBRERO/2008)

TRANSCRITA:  16 de julio de 2025



Jane A. Becker
Whitaker

   

Primera Instancia    Activo    Activo                    San Juan | SALÓN 803 CIVIL

**SJ2024CV04616 | Banco Popular de Puerto Rico y Ot...**

Fecha de Presentación    Fecha de Terminación    Juez
22 de mayo de 2024        N/A                      Cristina E Suau Gonzalez



MIS CASOS

SEÑALAMIENTOS

CASO NUEVO

MI NOTARÍA

BÚSQUEDA

Expediente  Señalamientos  Información          [ Acciones ]

Recursos Relacionados

▼

| **20** ago-25 | 255 | ORDEN emitida y firmada por el(la) juez(a) CRISTINA E SUAU GONZALEZ el 19 de agosto de 2025 con relación a MOCIÓN PRÓRRO... |
| **20** ago-25 | 254 | ORDEN emitida y firmada por el(la) juez(a) CRISTINA E SUAU GONZALEZ el 19 de agosto de 2025 con relación a MOCIÓN MOCION ... |
| **18** ago-25 | 253 | Petición Certiorari presentado por GREGORY S. BOYD (Luis E Miñana Rodríguez-feo) en el Tribunal de Apelaciones con el número ... |
| **18** ago-25 | 252 | MOCIÓN PRÓRROGA presentada por GREGORY S. BOYD (JANE A. BECKER WHITAKER) con relación a SENTENCIA ... |
| **14** ago-25 | 251 | Petición Certiorari presentado por CRISTINA RÍOS MENA, OLMAR LÓPEZ VIDAL y SOCIEDAD LEGAL DE GANANCIALES ... |
| **29** jul-25 | 250 | MINUTA registrada para SEGUIMIENTO celebrada por CRISTINA E SUAU GONZALEZ el 15 de julio de 2025. |

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| **BANCO POPULAR DE PUERTO RICO**<br>**PARTE DEMANDANTE**<br><br>**V**<br><br>**BIOMASS GREEN FUELS LLC.**<br>**GFC HOLDINGS LLC**<br>**OLMAR LÓPEZ VIDAL, CRISTINA RIOS MENA Y LA SLG ENTRE AMBOS; OLMAR LÓPEZ GÓMEZ, VIVIAN VIDAL DE LÓPEZ Y LA SLG ENTRE AMBOS.**<br>**PARTE DEMANDADA** | **CIVIL NÚM.: SJ2024CV04616**<br><br>**SALA: 803**<br><br>**SOBRE:**<br>**INCUMPLIMIENTO DE CONTRATO**<br>**COBRO DE DINERO**<br>**EJECUCIÓNDE COLATERAL Y GARANTÍAS** |

**SENTENCIA PARCIAL**

La demanda que dio comienzo al presente caso alega que Banco Popular y Biomass suscribieron un acuerdo de crédito que es parte del contrato de préstamo. Por virtud de dichos acuerdos, donde Banco Popular es el Agente Administrativo y único prestamista, Biomass podía solicitar desembolsos, sujeto a las condiciones del acuerdo, para sufragar gastos de desarrollo. Alega además que Biomass adeuda $12,137,270.01 por concepto de principal, más intereses diarios a razón de $2,950.00 que al momento de presentar la demanda suman $316,823.62.

En el caso hay otras controversias, como por ejemplo en cuanto las garantías firmadas y el alcance de las mismas, lo que produjo reconvención y demandas contra co-partes (Sumac # 13 y #149). Banco Popular solicitó un remedio de aseguramiento de sentencia al amparo de la regla 56 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. V R 56 (Sumac #30). Por lo que tanto las partes como el tribunal enfocaron sus esfuerzos en atender la vista que requiere la regla. Así las cosas, Banco Popular solicitó que se dictara sentencia sumaria parcial en cuanto a la cuantía que estaba vencida, era líquida y exigible (Sumac # 94). En atención a la regla 36.3 (b), *supra*, 20 días a la parte demandada para

ID: 364C53EE-B768-4429-BD6F-B9CA70081C55  Firmado Electrónicamente: 27/12/2024 11:50:47 am

que expresara su posición. El caso tuvo su vista inicial (Sumac #) y comenzó a celebrarse la vista evidenciaria de aseguramiento de sentencia (Sumac #)

En el interim Banco Popular reiteró su solicitud de sentencia sumaria parcial. Alegó que no existe controversia alguna que Biomass Green Fuels LLC ("Biomass") (1) incumplió con el Contrato de Préstamo, por el cual adeuda $12,805,291.21 por concepto de principal e intereses ("P+I") al 30 de septiembre de 2024, cifra que incrementa a razón de $2,950.03 diariamente; (2) adeuda al BPPR pagos que le adelantó a *EC Waste* por concepto de renta que sumaban $136,666.68 al 3 de septiembre de 2024 y se acumulan a razón de $34,166.67 por mes; y (3) adeuda al BPPR, al 3 de septiembre de 2024, $107,449.10 por concepto de gastos legales relacionados al caso de epígrafe y gestiones para atender los incumplimientos de Biomass, para un subtotal de $13,049,406.99 a las fechas y por las partidas especificadas (Sumac #171).Celebrada una vista el 18 de diciembre, algunos codemandados solicitaron un término final para expresarse con relación a la solicitud de Banco Popular. El tribunal les concedió hasta el 23 de diciembre para presentar su posición. Transcurrido en exceso del término no surge del expediente oposición alguna a la solicitud de sentencia sumaria parcial.

Habiendo este tribunal evaluado tanto la solicitud de sentencia sumaria como sus respectivos anejos, así como la totalidad del expediente, resuelve ha lugar la solicitud de sentencia sumaria parcial presentada por la parte demandante Banco Popular de Puerto Rico, sin necesidad de detallar las determinaciones de hecho a tenor con lo resuelto en <u>Pérez Vargas v. Office Depot,</u> 203 D.P.R. 687 (2019).

## SENTENCIA

Por lo antes discutido se declara Ha Lugar la solicitud de sentencia sumaria parcial presentada por Banco Popular de Puerto Rico y por consiguiente, por ser una deuda vencida, liquida y exigible, se ordena a Biomass Green Fuels, LLC y GFC Holdings LLC pagar a la parte

Pág. 3

demandante. Banco Popular de Puerto Rico, $13,418,352.07 cantidad que aumenta a razón de $2,950.03 diarios en concepto de intereses (después del 10 de diciembre de 2024). En cumplimiento con la regla 42,3, *supra*, expresamente concluimos que no existe razón para posponer que se dicte sentencia sobre esta reclamación hasta la resolución total del pleito.

**REGÍSTRESE Y NOTIFÍQUESE,**

En San Juan, Puerto Rico, a 27 de diciembre de 2024

**CRISTINA E. SUAU GONZÁLEZ**

**Juez Superior**



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE **SAN JUAN**
SALA SUPERIOR **603**

| | |
|---|---|
| **GEORGE ECONOMOU** *Parte demandante* Vs. **BIOMASS GREEN FUELS LLC and GFC HOLDINGS LIMITED LIABILTY COMPANY** *Parte demandada* | **CIVIL NÚM.: SJ2024CV05440** **SOBRE: SALARY CLAIM SUMMARY PROCEDURE (ACT NO. 2 OF 1961)** |

## SENTENCIA

El 16 de junio de 2024 se presentó la Demanda sobre reclamación de salarios en el caso de epígrafe, conforme a la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. § 3118.

Evaluada la *"Moción Solicitando Se Dicte Sentencia En Rebeldía"*, presentada por la parte demandante[1], surge del expediente que el 11 de julio de 2024, compareció el Lcdo. Miguel A. Rangel Rosas, representante legal de la parte demandada **BIOMASS GREEN FUELS LLC and GFC HOLDINGS LIMITED LIABILTY COMPANY,** en solicitud de relevo de representación legal.[2] Así, el 11 de julio de 2024 y notificada el 12 de julio de 2024, el tribunal emitió una orden directamente a la parte demandada a su dirección de récord.[3] La referida orden le concedió a la parte demandada un término de treinta días (30) para comparecer con nueva representación legal y se apercibió que expirado el termino concedido se entenderá que han abandonado su caso y se podrá anotar la rebeldía y conceder los remedios solicitados por la parte demandante, sin más citarle, leerle y oírle. Recalcamos, se notificó a la demandada, a su dirección de récord*, "para que participen y cooperen en el cumplimiento con esta Orden; y para que conozcan sobre las sanciones apercibidas.  HRS Erase v. Centro Médico del Turabo, 205 DPR 689 (2020)."*

Debe señalarse que la parte demandada, no solicito prórroga y expirado el termino concedido, nunca compareció con nueva representación legal.  Por lo que, de conformidad a la sanción apercibida,

---

[1] Véase *Moción Solicitando Se Dicte Sentencia En Rebeldía*, Entrada [17] de SUMAC.
[2] Véase *Moción de Renuncia de representación legal*, Entrada [12] de SUMAC.
[3] Véase *Orden* de 11 julio de 2024, Entrada [13] de SUMAC.

el 29 de agosto de 2024, se emitió una orden de anotación de rebeldía a la parte demandada, a solicitud de la parte demandante.[4]

Así, adquirida jurisdicción sobre esta parte, el Tribunal procedió a evaluar la prueba presentada por la parte demandante.  Luego de examinar detenidamente la totalidad del expediente y de estudiar el derecho aplicable, este Tribunal concluye que no es necesario celebrar una vista en su fondo para resolver la controversia ante nuestra consideración.

En virtud de lo antes expuesto, se anota la rebeldía a la parte demandada **BIOMASS GREEN FUELS LLC and GFC HOLDINGS LIMITED LIABILTY COMPANY** y se dicta Sentencia en Rebeldía declarando **HA LUGAR** la demanda y en su consecuencia se ordena a estos a pagar a la parte demandante la suma de **$88,541.67** por concepto de salarios adeudados,  las costas, gastos, más el **25%** en honorarios de abogado sobre el balance adeudado de salarios. Esta Sentencia devengará intereses legales, según establecido por la Oficina del Comisionado de Instituciones Financieras.

Se dicta esta Sentencia en Rebeldía sin necesidad de formular determinaciones de hechos ni conclusiones de derecho a tenor con la Regla 42.2 de Procedimiento Civil. *Pérez Vargas v. Office Depot*, 203 D.P.R. 687 (2019).

**REGÍSTRESE Y NOTIFÍQUESE.**

En San Juan, Puerto Rico, a 7 de septiembre de 2024.

*f/***RAÚL A. CANDELARIO LÓPEZ**
**JUEZ SUPERIOR**

---

[4] Véase *Orden de Anotación de Rebeldía*, Entrada [16] de SUMAC.